IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RAYMOND L. BROWN,**

    **Petitioner,**

    v.                                         **CIVIL ACTION NO. 1:04CV18**
                                                        **(Judge Broadwater)**

**B.A. BLEDSOE, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION/OPINION

### I. PROCEDURAL HISTORY

On February 11, 2004, the *pro se* petitioner, an inmate at FCI-Gilmer, Gilmer, West Virginia, filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 alleging the Federal Bureau of Prisons ["BOP"] had unlawfully computed his sentence and denied him credit for time served in prison.

By Order entered on March 4, 2004, the Court ordered the respondent to show cause why the writ should not be granted. On April 8, 2004, the respondents filed Response to Petition for Writ of Habeas Corpus. On April 22, 2004, the petitioner filed Petitioner's Opposition to Respondent's Response.

This matter, which is pending before me for Report and Recommendation pursuant to LR PL P 83.09, is ripe for review. As discussed below, the undersigned recommends that the petitioner's §2241 petition be denied.

### II. FACTS

On October 16, 1989, the petitioner was sentenced by the Superior Court for the District of Columbia to 3-9 years imprisonment for unauthorized use of a vehicle, violating the Bail Reform Act and Destruction of Property. The petitioner's full term date was May 7, 1998. The petitioner became eligible for parole on August 26, 1991.

On June 15, 1992, the D.C. Board of Parole ["the Board"] released the petitioner on parole. On March 20, 1995, the Board issued a warrant charging the petitioner with noncriminal parole violations. The warrant was executed on June 27, 1995, and on July 18, 1995, the Board issued an order revoking the petitioner's parole for non-criminal violations (failure to notify parole office of change of address and failure to report as directed) but also granting immediate reparole.

On December 17, 1997, the Board issued another warrant. The warrant was executed on August 17, 1998. The petitioner's parole was revoked on September 14, 1998, for illegal use of a controlled substance and failure to report as directed, but the Board immediately reparoled him. Pursuant to United States Parole Commission v. Noble, 693 A. 2d 1084 (D.C. 1997), opinion adopted en banc, 711 A. 2d 85 (D.C. 1997), the petitioner's full term date was recalculated and was found to be August 30, 2004.

On February 19, 1999, the Board issued another warrant for the petitioner's violations of parole as a result of failing to report and noncompliance with outpatient drug treatment. However, the warrant was unexecuted. The respondent states that in the meantime, on July 8, 2000, the petitioner was arrested by D.C. Police during a domestic dispute at his residence. On July 10, 2000, the Board's warrant was executed by the officials at the D.C. Jail. However, the petitioner was mistakenly released by the D.C. Jail, and the charges regarding the domestic dispute were dismissed.

On August 5, 2000, the jurisdiction over the petitioner's parole was transferred from the

Board to the United States Parole Commission ["the Commission"].[1]

On August 29, 2000, the petitioner was charged with kidnapping while armed and assault with a dangerous weapon. (case no. F5270-00). The petitioner was held at the D.C. Jail, but the jail's records indicated that he was only a parole violator in custody on the 1999 warrant. On October 31, 2000, the Commission issued a Notice of Action releasing the petitioner and terminating the revocation proceeding. At this time, the Commission was not aware of the petitioner's pending assault and kidnapping charges. The petitioner states that he was not released from custody.

However, on November 22, 2000, the Commission issued a new order canceling the October 31, 2000 order for the petitioner's release because the Commission was operating under the mistaken belief that the Board's 1999 warrant had not been executed.[2] Thus, the effect of the November 22, 2000 Order was to leave the Board's 1999 warrant in place as a detainer.

On January 3, 2001, the petitioner was convicted in the District of Columbia Superior Court of kidnapping while armed, assault with a dangerous weapon, threats while armed and contempt. On March 23, 2001, the petitioner was sentenced to a 10 years and 180 days and 9 years of supervised release.

On February 6, 2001, the Commission supplemented the original parole violation charges

---

[1] On August 5, 1998, the Commission obtained jurisdiction of D.C. Code offenders to grant and deny parole through the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, §11231(a)(1), 111 Stat. 712, 745, D.C. Code §24-1231(a)("Revitalization Act."). See also Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C.Cir.1998). Effective August 5, 2000, the Commission was given the responsibility of supervising parolees and revoking parole. §11231(a)(2) of the Act codified at D.C. Code §24-131(a)(2).

[2] The Order stated "You are not in custody on the parole violator's warrant #PE-34934-99 is currently lodged as a detainer behind case# F5270-00."

with the new charges of kidnapping and assault with a deadly weapon.

On February 10, 2001, the Commission issued a new Notice of Action to amend the Notice of Action dated November 22, 2000, and to void its October 31, 2000 Order. The Commission also ordered the continuation of the revocation process.

On October 17, 2001, the Commission issued a Notice of Action revoking the petitioner's parole on the 1989 sentence. The Commission ordered that "none of the time spent on parole shall be credited," and continued the petitioner to the expiration of his sentence. On December 28, 2003, the petitioner was mandatorily released from his 1989 sentence to begin serving the sentence imposed by the Superior Court on March 23, 2001.

### III. **CONTENTIONS OF THE PARTIES**

The petitioner contends that pursuant to the November 22, 2000 Notice of Action, he was in continuous custody on the kidnapping and assault case since his arrest on August 29, 2000, and that he should receive credit since that date against his kidnapping and assault case (case no. F5270-00). According to the petitioner, at the time his parole was revoked he had already began serving his sentence in case no. F5270-00.

The respondent contends that from July 10, 2000, forward, the petitioner was in custody solely as a parole violator; and the 2001 Superior Court sentence commenced on December 28, 2003.

### IV. **ANALYSIS**

The petitioner is seeking credit against his current sentence for the period of August 28, 2000, the time that the Court Ordered him held without bond prior to the Commission issuing a parole warrant, to December 28, 2003, the time that the Commission released the petitioner from

4

the parole violation.

First, the petitioner should never have been released by the D.C. Jail on July 10, 2000. However, when he was arrested for the new offenses on August 29, 2000, his incarceration could be considered as his return to custody on a mistaken release. See Russie v. Department of Justice, 708 F. 2d 1445, 1448 (9th Cir. 1983)(holding that the Commission was not estopped from ordering the arrest of a parole who had been mistakenly released by a U.S. Probation officer).

After the petitioner was re-incarcerated, the Commission issued various erroneous orders which were eventually corrected in February 2001. The Commission had the authority to reopen and correct its prior orders. See Fardella v. Garrison, 698 F. 2d 208, 211 (4th Cir. 1982)( the court held "that the Commission's regulations and rules allow it to reopen a case under § 2.28(f) on the basis of previously existing information that was not considered at the initial hearing. . . . Information is new if it is received by the Commission after the initial parole determination even though it was in existence prior to that time.").

Consequently, as a result of the February 2001 Notice of Action, the status of the 1999 warrant was as a warrant which was executed on July 10, 2000. Further, once the petitioner was arrested, the petitioner began serving the remainder of his sentence imposed on October 16, 1989. Thus, the period of incarceration from July 10, 2000, through December 28, 2003, went against his 1989 sentence. The petitioner is not eligible to receive "double credit" for this same time period towards his March 23, 2001 sentence. Consequently, the petitioner is not entitled to any additional credit.

With regard to the petitioner's allegation that the sentence for his new offense commenced on August 29, 2000, such is without merit. The respondent argues that pursuant to D.C.Code §23-

122, the petitioner's 2001 conviction did not commence until December 28, 2003.

The undersigned believes the respondent meant D.C. Code §23-112 which provides as follows:

> A sentence imposed on a person for conviction of an offense shall, unless the court imposing such sentence expressly provides otherwise, run consecutively to any other sentence imposed on such person for conviction of an offense, whether or not the offense (1) arises out of another transaction, or (2) arises out of the same transaction and requires proof of a fact which the other does not.

The Superior Court for the District of Columbia did not rule that the petitioner's March 2001 sentence was to run concurrently with any other sentence. Thus, the petitioner did not begin serving his March 2001 sentence until he completed in 1989 sentence on December 28, 2003.

Further, D.C. law prevents credit against the petitioner's 2001 sentence for the time spent serving his 1989 sentence. See D.C.Code §24-431(a) which provides as follows:

**§24-431** Jail time; parole

> (a) Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed.

This statute has been interpreted by the District of Columbia Court of Appeals in <u>Ali v. District of Columbia</u>, 612 A. 2d 228 (D.C. Ct. App. 1992). In <u>Ali</u>, the court held that the defendant was not entitled to credit on the sentence in a new case when the defendant was serving a sentence for another offense during the same time if the parole violation warrant was validly executed.

Here the parole violation warrant was executed in July 2000. Consequently, the petitioner is entitled to no sentence credit.

## V.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

DATED: May 4, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE